# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

ELLA MORGAN, an individual,

      Plaintiff,

v.

  ABUNDANT LIFE HOMES,
LLC,a
Michigan Limited Liability
Company,
JAY WILLIAMS, an individual,
TROY HACKER,
an individual, and CHARLES
DOTSON, an individual,

      Defendants.

Case: 1:24-cv-00154

Hon. Jane M. Beckering

## DEFENDANT CHARLES DOTSON'S ANSWER TO COMPLAINT; AFFIRMATIVE DEFENSES; AND RELIANCE ON JURY DEMAND

**NOW COMES** the Defendant, Charles Dotson, by and through his undersigned attorneys, Bolhouse, Hofstee, & McLean PC, and as his Answer to Complaint; Affirmative Defenses; and Reliance on Jury Demand states as follows:

## Introduction

1.    This is a case where the Defendants used Abundant Life Homes, LLC to prey on an unsophisticated homeowner, resulting in the Plaintiff unknowingly conveying her $120,000.00 home for only $25,000.00. Then, Abundant Life

1

Homes, LLC, immediately sold the same property to an insider, Charles Dotson, for only $60,000.00.

**ANSWER:      Denied as untrue in the manner and form alleged. Defendant Charles Dotson ("Dotson") is and was not an "insider" and he had no knowledge or information as to the Plaintiff or her financial circumstances. Dotson instead was a bona fide purchaser for value.  Dotson purchased the property from Abundant Life Homes LLC on July 7th, 2023 for $60,000 well over a year after Abundant Life Homes had allegedly negotiated their deal with Plaintiff on March 22nd, 2022. Dotson obtained a Warranty Deed from Abundant Life Homes LLC. Dotson did a title search, obtained titled insurance, and is a bona fide purchaser for value.**

2. Defendants purposefully worked a fraud on the Plaintiff, inducing her to endorse an "absolute conveyance" of her home to Abundant Life Homes, LLC. The effect was to rob the Plaintiff of her home by paying less than one-fourth of its fair market value, and then making a profit from the fraud by selling the same for $60,000.00.

**ANSWER:      Denied as untrue. Dotson had no contact whatsoever with Plaintiff and Dotson had no knowledge of the terms of her sale of her home to Abundant Life Homes LLC.**

3. Plaintiff's circumstances were financially embarrassing, and she was promised a way out of her economically depressed situation, as she had been behind on delinquent taxes, from 2013 to 2020.

2

**ANSWER:        This statement does not apply to Dotson, and Dotson does not have any knowledge about the Plaintiff's financial situation or what Plaintiff and Abundant Life Homes LLC discussed. Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue.**

4.    The Plaintiff's received flyers on her doorstep from the Defendants, Jay Williams, Troy Hacker, et al. (hereinafter "Abundant Life"). To Plaintiff, the flyers seemed to promise a loan or other refinancing option, which would prevent a tax foreclosure from dispossessing Plaintiff of her home.

**ANSWER:        This statement does not apply to Dotson, and Dotson does not have any knowledge about the alleged flyers that the Plaintiff received or what Plaintiff thought the alleged flyers would avail to Plaintiff. Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue. For further answer, Dotson never sent any alleged flyers to Plaintiff; and he did not author nor was his name on any of the alleged flyers sent to Plaintiff.**

5.    The Defendants provided none of the loan disclosures required by the federal Truth in Lending Act--including its requirement that notice be provided of Plaintiff's right to rescind the transaction--or the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act in connection with the transaction, and further did not allow Plaintiff a reasonable opportunity to review the documents

that they presented her with. Even if the Plaintiff were provided said opportunity, she was without counsel.

**ANSWER:**   **This statement does not apply to Dotson as he was not part of the transactions between Plaintiff and Abundant Life Homes LLC. Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue.**

6.   The transaction was a sale of the Plaintiffs home for $25,000.00, far less than the market value, and a lease back to the Plaintiff.

**ANSWER:**   **This statement does not apply to Dotson as he was not part of any transactions between Plaintiff and Abundant Life Homes LLC. Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue.**

7.   What appeared to be a foreclosure "rescue" was actually a scheme to take the Plaintiff's home for less than a quarter of the true cash value of the real property.

**ANSWER:**   **This statement does not apply to Dotson as he was not part of any of the discussions and or transactions between Plaintiff and Abundant Life Homes LLC. Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue.**

8.   As such, the Defendants took advantage of the Plaintiff's financially embarrassed circumstances as well as the unequal bargaining power between the legal entity Abundant Life Homes, LLC, and the unrepresented

individual, Plaintiff. The result is that the Plaintiff has lost her home because Defendants tricked the Plaintiff into conveying her home for more than $95,000.00 less than its value.

**ANSWER:        This statement does not apply to Dotson as he was not part of any of the discussions and or transactions between Plaintiff and Abundant Life Homes LLC. Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue.**

### The Parties

9.   Plaintiff, Ella Morgan, is an individual residing in Kent County, Grand Rapids, Michigan.

**ANSWER:        This statement does not apply to Dotson. To the extent that this Court requires a response, the same is admitted.**

10.   Defendant Abundant Life Home Homes, LLC, is a Michigan limited liability company with a registered office address in Grand Haven, Michigan.

**ANSWER:        This statement does not apply to Dotson. To the extent that this Court requires a response, the same is admitted.**

11.   Defendant, Jay Williams, is an individual residing in Holland, Michigan. Williams is a member of Abundant Life, holding a 50% membership interest.

**ANSWER:** **This statement does not apply to Dotson and Dotson is without information to provide a response. To the extent that the Court requires a response, the same is denied in the manner and form alleged.**

12. Defendant, Troy Hacker, is an induvial residing in Grand Haven, Michigan. Hacker is a member of Abundant Life, holding a 50% membership interest.

**ANSWER:** **This statement does not apply to Dotson and Dotson is without information to provide a response. To the extent that the Court requires a response, the same is denied in the manner and form alleged.**

13. Defendant, Charles Dotson, is an individual residing in South Haven, Michigan.

**ANSWER:** **Admitted.**

**<u>Jurisdiction and Venue</u>**

14. This Court has federal-question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1640 and supplemental jurisdiction pursuant to 28 U.S.C. § 1337.

**ANSWER:** **This statement does not apply to Dotson and Dotson is without information to provide a response. To the extent that the Court requires a response, the same is denied in the manner and form alleged as to Dotson.**

15. Venue is appropriate in this Court because the conduct complained of took place within this District.

**ANSWER:      This statement does not apply to Dotson and Dotson is without information to provide a response. To the extent that the Court requires a response, the same is denied in the manner and form alleged as to Dotson.**

<u>**Factual Allegations**</u>

16. In May 2004, the Plaintiff purchased the real property, located at 1019 Dunham St SE, Grand Rapids, MI 49506, with the help of a mortgage with Finance America, LLC, for $60,000.00.

**ANSWER:      This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

17. This is where the Plaintiff has resided ever since.

**ANSWER:      This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

18. Plaintiff struggled with delinquent taxes, from 2013 to 2021. The total amount of delinquent tax amount due to the Kent County Treasurer was $11,018.01, as of the year 2020.

**ANSWER:      This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

19. The Plaintiff received flyers on her doorstep from the Defendants, Jay Williams, Troy Hacker, et al. (hereinafter "Abundant Life"). To Plaintiff, the flyers seemed to promise a loan or other refinancing option, which would prevent a tax foreclosure from dispossessing Plaintiff of her home.

**ANSWER:        This statement does not apply to Dotson, and Dotson does not have any knowledge about the alleged flyers that the Plaintiff received or what Plaintiff thought the alleged flyers would avail to Plaintiff. Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue. For further answer, Dotson never sent any alleged flyers to Plaintiff; and he did not author nor was his name on any of the alleged flyers sent to Plaintiff.**

20. Defendants have similarly targeted dozens of other West Michigan homeowners in financial distress, with the intent to deceive them into deeding their residences to Abundant Life in exchange for unreasonably low consideration.

**ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue as Dotson has never engaged in any of the alleged conduct set forth herein.**

21. On 03/25/22, Plaintiff entered into a lease agreement with the option to buy back the subject property, in an attempt to escape her delinquent tax status.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

22. On the same day, Plaintiff signed a Warranty Deed, where she appeared to convey her interest in the Subject Property to the Landlord, Abundant Life Homes, LLC, for $25,000.00. This purported transfer was recorded with the Kent County Register of Deeds on 03/31/22.

    a. At the time, the SEV was $60,000.00.

    b. Under Chapter 2 of the Michigan State Tax Assessment Guide to Assessing, page 2, 11, lines 1-3, the SEV value cannot exceed one-half of the property's cash value.

    c. This means that the Subject Property's cash value is at least approximately $120,000.00.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

   **(a) ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

   **(b) ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

**(c) ANSWER:       This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

23.  On 07/07/23, Abundant Life Homes, LLC, purported to transfer the Subject Property to Charles H. Dotson for $60,000.00.

**ANSWER:   Denied in the manner and form alleged. Dotson purchased the property from Abundant Life Homes LLC on July 7th, 2023 for $60,000 well over a year after Abundant Life Homes had allegedly negotiated their deal with Plaintiff on March 22nd, 2022. Dotson obtained a Warranty Deed from Abundant Life Homes LLC. Dotson did a title search, obtained titled insurance, and is a bona fide purchaser for value.**

24.  However, Plaintiff did not realize that the effect of obtaining the deed rather than making a loan was to strip her of all redemption rights.

**ANSWER:       This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

25.  Abundant Life Homes, LLC, is in the business of "foreclosure rescue," where they give out loans to those who are hoping to be saved from their financially depressed situation through some sort of refinancing arrangement. However, while disguised as such, the transaction really strips the Defendant of her home, for a value that is significantly less than the home is truly worth.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

26. To do this, the Defendants, through Abundant Life Homes, LLC, sent flyers to the Plaintiff and other surrounding homeowners in the neighborhood, offering for Abundant Life Homes, LLC, to enter into a mortgage disguised as a lease with an option to purchase.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue. For further answer, Dotson never sent any alleged flyers to Plaintiff or to anyone in association with Abundant Life Homes. Dotson was not aware, did not author, and he did not approve of his name being used on any alleged flyers sent in association with Abundant Life Homes to any persons, including Plaintiff.**

27. Abundant Life Homes, LLC, expected the Plaintiff to default on the lease/option or land contract that promises to return the Subject Property to the Plaintiff, based on Plaintiffs extensive history of delinquent taxes for the property.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

28. That is, Abundant Life Homes, LLC, took advantage of the Plaintiffs embarrassed financial condition, as follows:

   a. The Plaintiff was in a precarious financial position because she needed financing to save her property from foreclosure.

   b. There was a gross disparity between the property's $60,000.00 tax-assessed value (approximately $120,000.00 cash value) versus the $25,000.00 received by the Plaintiff.

   c. The lease between the parties to this case have imposed obligations normally borne by the property owner, Abundant Life Homes, LLC, rather than by the lessee, Plaintiff.

   d. The leaseback/option agreement given to the homeowners instead of mortgage loan documents was subject to the disclosure requirements and rescission rights of TILA as well as Michigan usury limitations; and

   e. There was unequal bargaining power between the Plaintiff and Abundant Life Homes, LLC, and Plaintiff was never given the opportunity for review by an attorney.

**ANSWER:      This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

**a.) ANSWER:      This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

**b.) ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

**c.) ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

**d.) ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

**e.) ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

29. For the reasons detailed below, the transaction between Plaintiff and Abundant Life Homes, LLC, resulted in an equitable mortgage and not an absolute conveyance.

**ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

30. This means that Plaintiff never conveyed her fee simple interest in the Subject Property to Abundant Life Homes, LLC.

**ANSWER:**     **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

31. If no conveyance of the Subject Property from Plaintiff to Abundant Life Homes, LLC, occurred, then it naturally follows that no absolute conveyance of the Subject Property from Abundant Life Homes, LLC, to Charles H. Dotson occurred.

**ANSWER:**     **Denied as untrue. Dotson is a bona fide purchaser for value who obtained a warranty deed from Abundant Life Homes LLC which was subsequently recorded with the Kent County Register of Deeds.**

32. Abundant Life Homes, LLC, had an interest in the Subject Property as a mortgagee by virtue of the Lease with an Option to Purchase, followed by a deed. Thus, Abundant Life Homes, LLC, may only assign its mortgagee interest to another person or entity.

**ANSWER:**     **Denied as untrue. Dotson is a bona fide purchaser for value who obtained a Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

33. Abundant Life Homes, LLC, purported to assign its interest to Charles H. Dotson, when it incorrectly executed a deed to accomplish this purpose.

**ANSWER:**     **Denied as untrue. Dotson is a bona fide purchaser for value who purchased the Subject Property for value and obtained a valid Warranty**

Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.

34.  As such, if Abundant Life Homes, LLC, did anything with respect to the Subject Property, then it attempted to assign its mortgagee interest to Charles H. Dotson.

**ANSWER:**      **Denied as untrue. Dotson is a bona fide purchaser for value who obtained a valid warranty deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

35.  Either way, the Plaintiff holds fee simple to the Subject Property, and any interest held by Abundant Life Homes, LLC, is in the nature of loan secured by a mortgage on the Subject Property.

**ANSWER:**      **Denied as untrue. Dotson holds the Subject Property in fee simple absolute. He is a bona fide purchaser for value who obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

36.  As for the purported "conveyance" to Charles H. Dotson-it is void. This is because Mr. Dotson was only assigned a mortgagee interest from Abundant Life Homes, LLC.

**ANSWER:**      **Denied as untrue. Dotson holds the Subject Property in fee simple absolute. He is a bona fide purchaser for value who obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

37.  However, the Defendants intentions were to transfer the supposed fee simple interest from Abundant Life Homes, LLC, to Charles Dotson, in the form of a warranty deed. As such, the conveyance is void and had no effect, given that this is an equitable mortgage.

**ANSWER:       This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson holds the Subject Property in fee simple absolute. He is a bona fide purchaser for value who obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

38.  The transfer from Defendant Abundant Life Homes, LLC, to Defendant Charles Dotson, was not a public sale; it was to an insider-Defendant Charles Dotson.

**ANSWER:       Denied as untrue in the manner and form alleged. Dotson is not an "insider." He is a bona fide purchaser for value who obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

39.  Although the transaction documents are styled as a conveyance with leaseback and option to purchase, under Michigan law, the transaction was in substance a loan in the nature of an equitable mortgage. "It is well settled that the adverse financial condition of the granter, coupled with the inadequacy of the purchase price for the property, is sufficient to establish a

16

deed absolute on its face to be mortgage." *Koenig v Van Reken*, 89 Mich
App 102 (1979).

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left
to her strictest proofs. If the Court requires a response from Dotson, the same
is denied as untrue in the manner and form alleged.**

40. Therefore, Plaintiff remains the true fee simple owner of the Subject
Property, subject to an equitable mortgage with Abundant Life Homes,
LLC. Charles Dotson holds no fee simple interest in the Subject Property.

**ANSWER:** **Denied as untrue. Dotson holds fee simple absolute of the
Subject Property. Dotson is a bona fide purchaser for value who obtained a
valid Warranty Deed from Abundant Life Homes LLC which was recorded
with the Kent County Register of Deeds.**

### Count I: Equitable Mortgage

41. Plaintiff incorporates the previous allegations by reference.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left
to her strictest proofs. If the Court requires a response from Dotson, the same
is denied as untrue in the manner and form alleged.**

42. The Michigan Supreme Court holds that an instrument in the form of an
absolute deed of conveyance may be construed as a mortgage if given as
security. *Alber v. Bradley*, 321 Mich. 255, 262 (1948).

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

43. A deed can be rescinded on the grounds of an equitable mortgage in several circumstances. Koenig v. Van Reken, 89 Mich. App. 102, 104 (1979).

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

44. Although no set criterion has been established, the controlling factor in determining whether a deed absolute on its face should be deemed a mortgage is the intention of the parties. *Sheets v. Huben*, 354 Mich. 536 (l 958); *Alber v. Bradley*, 321 Mich. 255, 262 (1948); *Miskinis v. Bement*, 301 Mich. 365 (1942).

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

45. Such intention may be gathered from the circumstances attending the transaction including the conduct and relative economic positions of the parties and the value of the property in relation to the price fixed in the alleged sale. 59 C.J.S. Mortgages ss 35, 36, pp. 69-73.

**ANSWER:**       **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

46. While inadequacy of consideration is not an infallible test, it is an indication that the parties did not consider the conveyance to be absolute, particularly where the bargaining positions of the parties are markedly unequal. *Sheets v. Huben*, 354 Mich. 536, 540-541 (1958).

**ANSWER:**       **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

47. It is well settled that the adverse financial condition of the grantor, coupled with the inadequacy of the purchase price for the property, is sufficient to establish a deed absolute on its face to be a mortgage. *Ellis v. Wayne Real Estate Co*., 357 Mich. 115 (1959); *McLaughlen v. Majestic Development Corp*., 247 Mich. 498 (1929).

**ANSWER:**       **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

48. In Ellis, the Court describes the grantor's circumstances as "embarrassed." See *Ellis v. Wayne Real Estate Co*., 357 Mich. 115, at 118.

    a. She owed $4,800.00 in delinquent taxes. *Id.* at 119.

    b. She purported to convey her home to Defendants in return for the privilege to reacquire it for $7,878.47. *Id.*

    c. The home was valued between $6,000.00 to $9,000.00. *Id.*

    d. The deed called into question by Plaintiff was held to constitute a loan secured by a mortgage. *Id.* at 120.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    **a. ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    **b. ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    **c. ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    **d. ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from**

> **Dotson, the same is denied as untrue in the manner and form alleged.**

49. Similarly, here the Plaintiff was under "embarrassed" circumstances just as the Plaintiff in Ellis, as follows:

   a. Plaintiff owed $11,018.01 in delinquent taxes, from 2013 to 2020.

   b. Plaintiff purported to convey the Subject Property to Abundant Homes, LLC, as part of a Sale and Lease Back arrangement, where the Plaintiff could reacquire the Subject Property for $25,000.00.

   c. The option and lease gave Plaintiff property-like responsibility.

   d. The Subject Property's Tax Assessed Value was $60,000.00 in 2021.

   e. Plaintiff signed the warranty deed herself, without the assistance of counsel.

   f. In the same way, the deed executed by Plaintiff constitutes a loan secured by a mortgage.

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

   **a. ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

   **b. ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from**

Dotson, the same is denied as untrue in the manner and form alleged.

c.   ANSWER:    This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

d.   ANSWER:    This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

e.   ANSWER:    This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

f.   ANSWER:    This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

50.  The Supreme Court of Michigan makes clear some of the most important considerations when determining whether the Court should hold that a deed is really a mortgage:

The bill was filed to have a deed given by complainant to Atwater declared a mortgage. In such cases the *pecuniary embarrassment* of the

grantor, his *indebtedness to the grantee,* and *inadequacy of consideration,* are circumstances the court looks to in determining the true character of the instrument. They were all set forth in the bill. And of the three, inadequacy of consideration is the most important. For without that, why declare a deed a mortgage? No good would come of it; and there would be nothing to warrant the inference of undue advantage, always relied on by the court, and made the basis of its action in this class of cases. *Id.* at 119.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

51. Regarding pecuniary embarrassment, Plaintiff and Ellis both were delinquent in taxes, as the Plaintiff owed over $11,000.00 from tax debt that accrued from 2013 to 2020. The Plaintiff turned to Abundant Life Homes, LLC, for assistance, without knowing that she would be misled into purportedly conveying her absolute interests in the Subject Property to another entity.

**ANSWER:       This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

52. Regarding inadequacy of consideration, the Subject Property was tax assessed in 2021 for approximately $60,000.00 but the option to purchase price was nearly half, only offering $32,000.00. The tax assessed value cannot be more than one-half of the cash value of a real property in Michigan, according to Chapter 2 of the Michigan State Tax Assessment Guide to Assessing, page 2, ¶1, lines 1-3.

23

      a. This means that the property is worth at least approximately $120,000.00.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

      **a. ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

53. The result is that Plaintiff unknowingly deeded the Subject Property worth approximately $120,000.00 to Abundant Life Homes, LLC for nearly one-fourth of its cash value.

      a. This is similar to the case in *Sheets,* where a Woman was struggling with financial difficulties and befriended her neighbors for a warranty deed, with reservation of life interest, the Woman assuming and to continue the mortgage payments. The Woman insisted that the transaction was a loan of money to help her in her temporary difficulties, the property merely standing as security for repayment thereof *Sheets* v. *Huben,* 354 Mich. 536, 537-538 (1958).The Court affirmed that the deed was in substance a mortgage. The Court reasoned that a person, allegedly one who has made an absolute conveyance, with an equity in a home of at least $2,400 (a figure which represents payment of the balance due on the land contract). This sum includes, as the trial chancellor put it, only a modest allowance

24

for landscaping and improvements.  If the transaction is in truth a sale, as defendants assert, we must conclude that plaintiff was disposing of this equity for the sum of $1,106 and, in addition, agreeing to pay the balance of the mortgage debt. *Id.* at 540.

b.  In *Grant v. Van Reken,* 71 Mich App 121, 127 (1976), the [Plaintiffs] home, valued at $25,000, was conveyed to defendants, with a stated consideration of $12,000. The Court held that the deed was a mortgage. The Court reasoned that ". . . it is clear from a reading of the transcript that it was not [Plaintiff's] intent to sell the home. They, when faced with foreclosure proceedings, contacted a realtor but were desirous of finding another avenue to 'save' their home. They signed documents, without the assistance of counsel, which were prepared by defendant.  Defendant paid nothing to the plaintiffs and paid approximately $2,300 to the two mortgage companies. We have given great weight to this inadequacy of consideration and the fact that plaintiffs were financially embarrassed, in determining that this deed, absolute in form, was a mortgage.

c.  Additionally, an unpublished opinion, similar facts as here resulted in the Court ruling that a deed was in fact a mortgage when the property was sold at $190,262.00 but the fair market value was $231,500.00. The Court held that even if the purchase price is not considered grossly inadequate, it is still true that the [Plaintiff] parted with their property for substantially less than would have been the case in a true sale. *Moore v Cycon Enterprises*, 2006 U.S. Dist. LEXIS 57452.

**ANSWER:** This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

    a. **ANSWER:** This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

    b. **ANSWER:** This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

    c. **ANSWER:** This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

54. As shown by the cases cited above, and as stated by the Court in *Sheets*, while inadequacy of consideration is not an infallible test, it is an indication that the parties did not consider the conveyance to be absolute, particularly where the bargaining positions of the parties are markedly unequal.

**ANSWER:** This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

55. Here, Plaintiff drafted and negotiated the purported conveyance of the Subject Property without the assistance of counsel, like in *Grant*. Not only that, but Plaintiff was also under financial distress by virtue of her delinquent tax status, as was the case in *Sheets* and *Ellis*.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

56. As such, this factor alone should carry weight for this Court's determination of whether to deem the warranty deed in this case, from Plaintiff to Abundant Homes, LLC, as a mortgage or deed.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

57. Under these circumstances, the inadequacy of consideration, coupled with Plaintiff financially embarrassed conditions, is a good indication that Plaintiff and Abundant Life Homes, LLC, did not consider the warranty deed to be absolute.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

58. Regarding the circumstances determining the true character of the instrument, consider that what the unpublished case of *Moore v Cycon*

*Enterprises*, 2006 U.S. Dist. LEXIS 57452, at *33-34 states regarding the closing documents:

> [t]he doctrine of equitable mortgage looks to the substance, not the form, of the transaction. While the transaction was structured as a sale and a leaseback, the lease contained many features that are inconsistent with a residential lease, in that it imposed many of the obligations usually borne by the property owner upon the [Plaintiffs] as lessees. For example, the [Plaintiffs] were required to pay all real estate taxes, assessments, water charges, and personal property taxes; they were responsible for maintaining all insurances, including public liability insurance protecting Cycon (as would be the case in a typical mortgage arrangement), and they were responsible for paying for repairs and maintenance. Thus, the obligations imposed on the [Plaintiff] under the lease make the transaction look more like a home mortgage rather than a sale of a home.

**ANSWER:         This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

59.   As shown above, the closing documents for the sale in Moore did not reveal the character of a sale and leaseback. Rather, the transactions between Plaintiff and Abundant Life Homes, LLC, reveal characteristics of a mortgage rather than a sale.

**ANSWER:         This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

60.   To show this mortgage-like character, consider some of the lease agreement terms between Plaintiff and Abundant Homes, LLC, as follows:

    a.   the option to purchase addendum states that $465.00/month credited to option and $250.00 to rent (p. l, line 4 of option addendum to lease)

    b. client responsible for "any and all expenses, including property taxes, insurance, water, etc.11 much like home ownership rather than rental. (p. 2, line 9 of option addendum).

    c. Tenant accepts apartment "AS IS" (p.2, line 10 of option addendum)

    d. Repairs born by client and added 25% to option purchase price, which is uncommon for a rental (p. 2, line 11 of option addendum)

    e. Option is valid until client pays it in full or violates the terms (p. 3, line 15 of option addendum)

**ANSWER:      This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    **a. ANSWER:    This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    **b. ANSWER:    This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    **c. ANSWER:    This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from**

Dotson, the same is denied as untrue in the manner and form alleged.

d. **ANSWER:     This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

e. **ANSWER:     This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

61. Similar to *Moore*, the parties' transactions were structured like an absolute conveyance, yet contained many features that are inconsistent with a residential lease, such as the requirement to pay all real estate taxes, assessments, water charges, and personal property taxes, maintaining all insurances, and being responsible for paying for repairs and maintenance.

**ANSWER:       This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

62. Here, the lease option provides in bold that: "This instrument is not a loan, it should not be viewed or perceived as a loan." However, this is of no effect because the court considers substance over form.

**ANSWER:**      **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

63. In substance, the parties intended for the Plaintiffs warranty deed to Abundant Life Homes, LLC, for 1019 Dunham St SE, Grand Rapids, MI 49506, to be given as security for the Plaintiffs indebtedness resulting from years of delinquent taxes on the Subject Property.

**ANSWER:**      **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

64. Thus, Plaintiff was in an embarrassed financial situation when she was only paid $25,000.00 for a property worth $60,000.00, and then she simultaneously entered into a lease with Abundant Homes, LLC, which contained many features inconsistent with a residential lease.

**ANSWER:**      **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

65. Under the authority set out in *Alber, Ellis*, and *Sheets*, it is well within this Court's discretion to hold the warranty deed from Plaintiff to Abundant Life Homes, LLC, a mortgage and not a deed conveying absolute title.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

**WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes for her monetary damages, but title to the Subject Property should be quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.**

### Count II:  Quiet Title

66.  Plaintiff incorporates the previous allegations by reference.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

67.  Under Michigan Law, an action for quiet title may be brought as follows:

> MCL 600.2932 Quieting title; interest of plaintiff; action by mortgagee; establishment of title; tenancy in common; actions.
> Sec. 2932.
>  (1) Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.
>  (2) No action may be maintained under subsection (1) by a mortgagee, his assigns, or representatives for recovery of the mortgaged premises, until the title to the mortgaged premises has become absolute, or by a person for the recovery of possession of premises, which were sold on

land contracted, to whom relief is available under subdivision (1) of section 5634.

(3) If the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto. In an appropriate case the court may issue a writ of possession or restitution to the sheriff or other proper officer of any county in this state in which the premises recovered are situated.

(4) Any tenant or tenants in common who recovers any undivided interest in lands in an action under subsection (1) against a person or persons who may be in possession thereof, but who does not show in the trial of such action that he or they have any interest therein or title thereto, may take possession of the entire premises subject to all of the rights and interest of the other tenant or tenants in common therein.

(5) Actions under this section are equitable in nature

**ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the language of the statute is admitted.**

68.  As shown above, under Count One, the Plaintiffs purported conveyance to Abundant Life Homes, LLC was a deed in form-but a *mortgage in substance. Emphasis added.*

**ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

69.  The issue is that Abundant Life Homes, LLC, subsequently purported to convey an imaginary fee simple of the Subject Property to Charles H. Dotson, who now believes that he holds the fee simple for the Subject Property.

**ANSWER:** **Denied as untrue. Dotson is a bona fide purchaser for value who now holds fee simple absolute to the Subject Property and has a valid and record warranty deed with the Kent County Register of Deeds.**

70. However, because Plaintiffs Sale and Leaseback with Abundant Life Homes, LLC was in substance a mortgage, the resulting conveyance is void.

**ANSWER: Denied as untrue. Dotson is a bona fide purchaser for value who now holds fee simple absolute to the Subject Property and has a valid and record warranty deed with the Kent County Register of Deeds.**

71. This is because Abundant Life Homes, LLC only ever had a mortgage on the Subject Property, disguised as a sale and lease back. Accordingly, Abundant Life Homes, LLC does not have the power to convey the Subject Property when it is not the title holder.

**ANSWER: Denied as untrue. Dotson is a bona fide purchaser for value who now holds fee simple absolute to the Subject Property and has a valid and record warranty deed with the Kent County Register of Deeds.**

72. Abundant Life Homes, LLC does have a mortgage interest in the Subject Property, to be exercised upon the Plaintiffs failure to make the loan payments of $465.00/month credited to option and $250.00 to rent.

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue.**

73. Thus, to the extent that Abundant Homes, LLC wishes to transfer any interest it holds in the Subject Property, it can assign its interests as a mortgagee. However, here Abundant Homes, LLC, purported to convey fee simple that it did not legally hold to Charles H. Dotson. This is of no effect.

**ANSWER:   Denied as untrue. Dotson is a bona fide purchaser for value and purchased the Subject Property from Abundant Life Homes LLC and obtained title to the Subject Property in the form of a warranty deed.**

74. Nevertheless, the Plaintiff is still the true fee simple title holder, subject to a mortgage with Abundant Life Homes, LLC.

**ANSWER:   Denied as untrue. Dotson is a bona fide purchaser for value and purchased the Subject Property from Abundant Life Homes LLC and obtained title to the Subject Property in the form of a warranty deed.**

**WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes for her monetary damages, but title to the Subject Property should be quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.**

<u>**Count III Civil Conspiracy**</u>

75. Plaintiff incorporates the previous allegations by reference.

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

76. Under Michigan caselaw, a civil conspiracy is, at its root, "an agreement, or preconceived plan, to do an unlawful act." *Bahr v Miller Bros Creamery*, 365 Mich 415,427, 112 NW2d 463 (1961). The elements of a cause of action for civil conspiracy in Michigan are a concerted action (2) by a combination of two or more persons (3) to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means, (4) causing damage to the plaintiff. *Fenestra Inc v Gulf American Land Corp*, 377 Mich 565, 593, 141 NW2d 36 (1966); *Mays v Three Rivers Rubber Corp*, 135 Mich App 42, 48,352 NW2d 339 (1984). *Chancellor v City of Detroit*, 454 F Supp 2d 645, 663 (ED Mich 2006).

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

77. In alleging conspiracy, a plaintiff need not specify the exact means used to carry out the illegal purpose. *Goldsmith v Moskowitz*, 74 Mich App 506,521,254 NW2d 561 (1977). However, claiming conspiracy is not sufficient when the facts pleaded do not disclose a conspiracy. *Coronet Dev Co v FSW*, Inc, 3 Mich App 364,369, 142 NW2d 499 (1966), affd, 379 Mich 302, 150 NW2d 809 (1967).

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

78. Proof of a conspiracy is generally circumstantial. Bahr v Miller Bros Creamery, 365 Mich 415,421, 112 NW2d 463 (1961). However, conspiracy may not be assumed (*Harvey v Lewis*, 357 Mich 305, 311, 98 NW2d 599 (1959)), and evidence of conspiracy must "support a reasonable inference that two or more persons planned or acted in concert to accomplish an unlawful end." *Rencsok v Rencsok*, 46 Mich App 250,252,207 NW2d 910 (l 973) (citations omitted). As stated in *Temborius v Slatkin*, 157 Mich App 587,600,403 NW2d 821 (1986):

> The agreement, or preconceived plan, to do the unlawful act is the thing which must be proved. Direct proof of agreement is not required, however, nor is it necessary that a formal agreement be proven. It is sufficient if the circumstances, acts and conduct of the parties establish an agreement in fact. Furthermore, conspiracy may be established by circumstantial evidence and may be based on inference.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

79. Furthermore, the plaintiff need not join all conspirators as defendants and may, in fact, name only one. *Hanover Fire Ins Co of New York v Furkas*, 267 Mich 14, 21,255 NW 381 (1934). Also, a plaintiff may introduce evidence of acts done or statements made by any conspirator to further the common purpose, whether or not that conspirator is a party defendant. *Brown v Brown*, 338 Mich 492, 504, 6 I NW2d 656 (1953), cert denied, 348 US 816 (1954).

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

80.   In addition to making false assertions, a defendant may perpetrate fraud by suppressing facts and the truth. *Fred Macey Co v Macey*, 143 Mich 138, 106 NW 722 (1906). The mere nondisclosure of information, however, is insufficient to support a finding of silent fraud. *Hord v Environmental Research Inst*, 463 Mich 399, 617 NW2d 543 (2000). There must be a legal duty for the defendant to make a disclosure, such as when a plaintiff makes inquiries to which defendant responds with an incomplete reply that omits material information. *Roche Diagnostics Corp v Shaya*, 427 F Supp 3d 905,929 (ED Mich 2019); *Titan Ins Co v Hyten*, 491 Mich 547,557,817 NW2d 562 (2012) ("courts have not hesitated to sustain recoveries where the truth has been suppressed with the intent to defraud" (citation omitted)); *Nowicki v Podgorski*, 359 Mich 18, 101 NW2d 371 (1960); *Barclae v Zarb*, 300 Mich App 455,477, 834 NW2d 100 (2013).

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

81. Here, the Defendants illegally, maliciously, and/or wrongfully conspired with one another with the intent to and for the illegal purpose of obtaining the Subject Property for a below-market price, knowing that there was a mortgage-like transaction pending.

38

**ANSWER:  Denied  as  untrue.  Dotson  did  not  communicate  with  other Defendants prior to or during their discussions with Plaintiff. Dotson is a bona fide purchaser for value and obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

82. Defendants, in combination, conspired to fraudulently and/or negligently obtain the Subject Property from the Plaintiff for less than half of its value.

**ANSWER:  Denied as untrue. Dotson did not communicate with other Defendants prior to or during their discussions with Plaintiff. Dotson is a bona fide purchaser for value and obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

83. This allegation is substantiated by direct evidence, circumstantial evidence, and reasonable inferences from the evidence contained herein, that would lead a reasonable person to conclude that a conspiracy to misrepresent the real estate transactions leading to Plaintiff unknowingly conveying her interest in the Subject Property to Defendant Abundant Life Homes, LLC, and who then tried to distance itself through a non-public sale to Defendant Charles Dotson.

   a. Defendant Abundant Life Homes, LLC, was under a duty to act with reasonable care when dealing with an unrepresented seller such as Plaintiff, who did not know the true value of the Subject Property nor that she was signing a deed and not some other refinancing instrument.

   b. Defendant Abundant Life Homes, LLC, was also under a duty to make disclosures required by the Truth in Lending Act, and/or the Michigan Consumer

Mortgage Protection Act, given that the Act considers any arrangement where a seller extends credit to a buyer, as is often the case in a sale and leaseback transaction, as a credit transaction that requires disclosure. *See Mourning v. Fam. Publications Serv., Inc.,* 411 U.S. 356,357, 93 S. Ct. 1652, 1655, 36 L. Ed. 2d 318 (1973).

c. Defendant Abundant Life Homes, LLC, silently misrepresented to the Plaintiff, while she was without counsel and under financially distressed circumstances, that Plaintiff could escape her financially depressed circumstances by entering into the subject transaction. This misrepresentation unfortunately caused the Plaintiff to reasonably rely on the Defendant Abundant Life Homes, LLC's assertions, although they failed to inform Plaintiff of what the Defendant knew to be a deed for conveying property while the Plaintiff thought she was refinancing or the like, on her lease with an option to purchase.

d. Defendant Abundant Life Homes, LLC, and Defendant Charles Dotson explicitly misrepresented their services when the two (2) worked in concert to send flyers to the Plaintiff's home and surrounding neighborhood, in order to work a fraud on low-income and unsophisticated homeowners who are seeking a means to refinance or the like. The flyers sent to Plaintiffs home offered a mortgage (in substance) disguised as a lease with an option to purchase Plaintiffs Subject Property.

e. The flyers sent to Plaintiff's home strangely contained both Defendants names: Abundant Life Homes, LLC, and Charles Dotson. It is no coincidence that the

property title ultimately landed in the hands of Defendant Charles Dotson, who managed to get a $120,000.00 property for only $60,000.00.

f. Defendants Abundant Life Homes, LLC's silent misrepresentation and breach of duty of care and fair dealing resulted in Plaintiff unknowingly conveying a warranty deed to Defendant Abundant Life Homes, LLC, for the Subject Property for a mere $30,000.00.

g. Both Defendants' explicit misrepresentation via the flyer sent to Plaintiffs residence resulted in Plaintiff unknowingly conveying a warranty deed to Defendant Abundant Life Homes, LLC, for the Subject Property for a mere $30,000.00, and then to Defendant Charles Dotson at a non-public sale.

h. The Subject Property's tax-assessed value was approximately $60,000.00 in 2021, making the property worth nearly double: $120,000.00[1]. This resulted in a windfall for Defendant Abundant Life Homes, LLC, who only had to pay $25,000.00.

i. Defendant Charles Dotson knew that the Subject Property was being obtained from a financially embarrassed woman for less than half of what it is worth.

j. Defendant Charles Dotson then profited from the same Subject Property that the Defendant Abundant Life Homes, LLC, previously made a profit from in March 2022. This is because Abundant Life Homes, LLC, conveyed the Subject Property to Charles Dotson for only half the cash value of the Subject

---

[1] https://www.michigan.gov//media/Project/Websites/treasury/Assessors/Guide_to_Basic_Assessing_116.pdf?re=91a77c77c4f944e68e5afa46166445ab

Property, which is nearly double the tax assessed value, according to Chapter 2 of the Michigan State Tax Assessment Guide to Assessing, page 2, ¶I, lines 1-3.

**ANSWER:** **Denied as untrue. Dotson did not communicate with other Defendants prior to or during their discussions with Plaintiff. Dotson is a bona fide purchaser for value and obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

    a. **ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    b. **ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    c. **ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

    d. **ANSWER:** **Denied as UNTRUE. For further answer, Dotson never sent any alleged flyers to Plaintiff or to anyone in association**

with **Abundant Life Homes. Dotson was not aware, did not author, and he did not approve of his name being used on any alleged flyers sent in association with Abundant Life Homes to any persons, including Plaintiff.**

e. **ANSWER:   Denied as UNTRUE. For further answer, Dotson never sent any alleged flyers to Plaintiff or to anyone in association with Abundant Life Homes. Dotson was not aware, did not author, and he did not approve of his name being used on any alleged flyers sent in association with Abundant Life Homes to any persons, including Plaintiff.**

f. **ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

g. **ANSWER:   Denied as UNTRUE. For further answer, Dotson never sent any alleged flyers to Plaintiff or to anyone in association with Abundant Life Homes. Dotson was not aware, did not author, and he did not approve of his name being used on any alleged flyers sent in association with Abundant Life Homes to any persons, including Plaintiff.  Dotson is a bona fide purchaser for value and obtained a valid warranty deed of the Subject Property from Abundant Life Homes.**

h. **ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

i. **ANSWER: Denied as untrue. Dotson had no communications with Plaintiff and was not involved in any of the discussions or negotiations between Plaintiff and Abundant Life Homes LLC.**

j. **ANSWER: Denied as untrue.**

84. The result is that Defendant Charles Dotson fraudulently obtained the $120,000.00 Subject Property for only $60,000.00, after Plaintiff was manipulated into deeding her Subject Property to Abundant Life Homes, LLC, for only $25,000.00.

**ANSWER: Denied as untrue. Dotson did not communicate with other Defendants prior to or during their discussions with Plaintiff. Dotson is a bona fide purchaser for value and obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds.**

85. As a result of the conspiracy and Defendants' illegal, wrongful, or tortious acts, Plaintiff sustained damages.

**ANSWER: Denied as untrue. Dotson did not communicate with other Defendants prior to or during their discussions with Plaintiff. Dotson is a**

**bona fide purchaser for value and obtained a valid Warranty Deed from Abundant Life Homes LLC which was recorded with the Kent County Register of Deeds. He did not do anything illegal, wrongful, or tortious.**

86. The damages sustained to the Plaintiff is the loss of the Subject Property, which can only be repaired by returning the Subject Property.

**ANSWER:   Denied as untrue. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes for her monetary damages, but title to the Subject Property should be quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.**

87. Alternatively, there are damages equal to the difference between the fair market value of the property (approximately $120,000.00) and the understated price that the Plaintiff unknowingly conveyed the property for ($30,000.00). This is $90,000.00 damages to the Plaintiff as a result of the civil conspiracy.

**ANSWER:   Denied as untrue. The economic loss doctrine would apply to Plaintiff's claims against Abundant Life Homes; she is not able to demand a return of the subject property as well as to obtain an award of $90,000 as she would thus receive a windfall.**

88. Both Defendants are severally liable to Plaintiff for all of injuries and damages.

**ANSWER: Denied as untrue. Dotson did not communicate with other Defendants prior to or during their discussions with Plaintiff. Dotson is a**

bona fide purchaser for value and obtained a valid Warranty Deed from

Abundant Life Homes LLC which was recorded with the Kent County

Register of Deeds. He did not do anything illegal, wrongful, or tortious.

WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value

and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes

for her monetary damages, but title to the Subject Property should be quieted in

Dotson. Dotson reserves the right to file a cross-complaint against the other

Defendants in this case.

### Count IV: Truth in Lending Act

89. Plaintiff incorporates the previous allegations by reference.

ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her

strictest proofs. If the Court requires a response from Dotson, the same is denied

as untrue in the manner and form alleged.

90. Defendants are "creditors" as that term is used and defined in TILA because
they originated the loan to Plaintiff and Defendants regularly extend
consumer credit payable by agreement in more than four installments and/or
requiring payment of finance charge.

ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her

strictest proofs. If the Court requires a response from Dotson, the same is denied

as untrue in the manner and form alleged. Dotson was not involved in any of the

negotiations or discussions whatsoever between Plaintiff and the other defendants to this matter.

91. Defendants violated TILA, 15 U.S.C. §§ 1635, 1639, 1639b, and 1639c by failing to provide required loan disclosures, failing to secure the license for mortgage loan origination required by Michigan law, and failing to make a reasonable and good faith determination that Plaintiff has a reasonable ability to repay the loan.

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the negotiations or discussions whatsoever between Plaintiff and the other defendants to this matter.**

92. And because no rescission disclosure was ever provided to Plaintiff, she retains the right to rescind the transaction under 15 U.S.C. § 1635.

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the negotiations or discussions whatsoever between Plaintiff and the other defendants to this matter.**

93. The Truth in Lending Act (TILA) was passed by Congress to help consumers avoid the uninformed use of credit and to protect them against inaccurate and

unfair credit billing. *Mourning v. Fam. Publications Serv., Inc.*, 411 U.S. 356, 357 (1973).

> **ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

94. In the context of a mortgage disguised as a sale and leaseback, the Truth in Lending Act requires the seller to make necessary disclosures to the buyer. Notably, the Act considers any arrangement where a seller extends credit to a buyer, as is often the case in a sale and leaseback transaction, as a credit transaction that requires disclosure.

> **ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

95. Under 15 U.S.C. § 1635(a), the Act also gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated. *Id.* Even if a lender never makes the required disclosures, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." *Id.*

> **ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

96. Upon information and belief, Defendant Abundant Life Homes, LLC, regularly engages in the business of being a mortgage loan originator without obtaining the proper licensing.

**ANSWER:**        **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

97. On 03/25/22, Plaintiff entered into a lease agreement with the option to buy back the subject property, in an attempt to escape her delinquent tax status.

**ANSWER:**        **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

98. As discussed under Count I of this Complaint, this lease is-in substance-a mortgage under the doctrine of equitable mortgage.

**ANSWER:**        **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

99. On the same day, Plaintiff signed a Warranty Deed, where she appeared to convey her interest in the Subject Property to the Landlord, Abundant Life Homes, LLC, for $25,000.00. This purported transfer was recorded with the Kent County Register of Deeds on 03/31/22.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

100.  Plaintiff did not have the $25,000.00 on hand at the time she purportedly conveyed the Subject Property to the Defendant Abundant Life Homes, LLC. Rather, the Defendant financed this amount to the Plaintiff.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

101.  From March 2022 to date, the Plaintiff has made timely payments to Defendant Abundant Life Homes, LLC, despite the fact that Abundant Life Homes, LLC, purportedly conveyed the Subject Property to Charles Dotson on 07/07/23.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

102.  Given that Defendant Abundant Life Homes, LLC, is a mortgagee of the equitable mortgage described under Count I of this Complaint, the Defendant Abundant Life Homes, LLC, must comply with the federal disclosure requirements.

**ANSWER:** This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

103.     Here, Defendant Abundant Life Homes, LLC, did not qualify the Plaintiff for financing or land contract at any point in the process.

**ANSWER:** This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

**WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes for her monetary damages, but title to the Subject Property should be quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.**

### Count V: Michigan Consumer Protection Act

104.     Plaintiff incorporates the previous allegations by reference.

**ANSWER:** This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.

105.     Michigan has promulgated its own rules, known as the Consumer Protection Act ("MCPA"), MCL 445.90e et seq., prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." MCL 445.903(1).

**ANSWER:       This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

106.       Enumerated examples of unfair, unconscionable, or deceptive practices include "advertising or representing goods or services with intent not to dispose of the good or services as advertised or represented," MCL 445.903(g); "causing a probability of confusion or misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction," MCL 445.903(n); "[c]ausing a probability of confusion or misunderstanding as to the terms or conditions of credit if credit is extended in a transaction," MCL 445.903(o); "gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits," MCL 445.903(y}; [c]harging the consumer a price that is grossly in excess of the price at which similar property or services are sold," MCL 445.90(z); and "[c]ausing coercion and duress as a result of the time and nature of a sales presentation," MCL 445.903(aa).

**ANSWER:       This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

107.       Defendants violated each subsection of the MCPA quoted above.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

108.     Plaintiff has suffered damages as a result of Defendants' violations of the MCPA, consisting of the loss of equity in her home totaling over $120,000.00.

**ANSWER:** **This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

**WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes for her monetary damages, but title to the Subject Property should be quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.**

## Count VI: Mortgage Brokers, Lenders, and Servicers Licensing Act

109.     Plaintiff incorporates the previous allegations by reference.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

110.     The Truth in Lending Act requires creditors to make extensive disclosures in connection with consumer loans, including the amount financed, charged, annual percentage rate, payment schedule, and security interests.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

111.     TILA further requires periodic disclosures after loan origination.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

112.     Abundant Life is a "creditor" as that term is used in TILA because it regularly extends consumer credit and the "loan" payments by Plaintiff were to be made to Abundant Life.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

113.     Abundant Life provided none of the initial or periodic disclosures required under TILA.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

114.     Defendants are "mortgage lenders" and "licensees" as those terms are defined in the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA") because they "directly or indirectly ... make [] offers to make mortgage loans." MCL 445.l65la(q).

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

115.     Neither Defendant is licensed as required by the MBLSLA, MCL 445.1652(1).

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

116.     The MBLSLA provides a remedy to consumers where a mortgage lender "fail[s] to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act." MCL 445.1672(a).

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the**

**alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

117.     The MBLSLA further prohibits "fraud, deceit or material misrepresentation in connection with any transaction governed by this act." MCL 445.1672(2).

**ANSWER:   ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

118.     The MBLSLA further prohibits "intentionally or due to gross or wanton negligence, repeatedly fail to provide borrowers material disclosures of information as required by law." MCL 445.1672(c).

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

119.     The MBLSLA further prohibits the making of false, misleading, or deceptive advertisements regarding mortgage loans. MCL 445.1672a.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied**

**as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

120.     Violations of TILA by a creditor and mortgage lender entitle a consumer to the remedies provided in the MBLSLA. Macholz v Carrington Mortgage Servs, LLC, 499 FSupp3d 434, 454 (WD Mich 2020).

**ANSWER:        This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

121.     Defendants violated the MBLSLA by violating TILA, committing fraud or material misrepresentation, intentionally failing to provide material disclosures, and falsely advertising the nature of their services and proposed transactions.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

**WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes**

for her monetary damages, but title to the Subject Property should be quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.

**Count VII: Common-Law Rescission**

122.      Plaintiff incorporates the previous allegations by reference.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

123.      Defendants pressed Plaintiff to sign documents Defendants knew did not embody any of the promises Defendants made to Plaintiff about the nature or consequences of the transaction.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

124.      Defendants' conduct was in bad faith and not in the interests of equity.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the**

alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.

125.     The parties never had a meeting of the minds in connection with the transaction in dispute between Plaintiff and the Abundant Life Homes, LLC.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

126.     Therefore, the Plaintiff requests that the Court rescind the fraudulent Warranty Deed purportedly transferring Plaintiff's home to Abundant Life.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

**WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes for her monetary damages, but title to the Subject Property should be quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.**

### Count VIII: Unjust Enrichment

127.     Plaintiff incorporates the previous allegations by reference.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

128.     Defendants received a benefit from Plaintiff in the form of a Warranty Deed to property worth more than $135,000.00.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

129.     Defendants' unlawful and inequitable conduct renders the benefit Defendants received from Plaintiff unjust.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

**WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes for her monetary damages, but title to the Subject Property should be**

quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.

## Count IX: Fraud

130.     Plaintiff incorporates the previous allegations by reference.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged.**

131.     Defendants repeatedly represented that the March 2022 transaction was a loan, knowing that the documents they pressed her to sign without counsel reflected a transfer of the Plaintiff's home to the Defendants.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

132.     Defendants represented that the document entitled Lease was merely a security for the "loan" payments, knowing the true purpose of the document was to allow Defendant's to evict the Plaintiff from her own home.

**ANSWER:   This statement does not apply to Dotson and Plaintiff is left to her strictest proofs.  If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the**

alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.

133.    Given the Plaintiff's lack of sophistication in financial matters; Defendants' high- pressure and shady sales approach; and the Plaintiffs willingness to do anything to save her home, Plaintiffs reliance on Defendant's misrepresentations was reasonable.

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

134.    The Plaintiff suffered damages as a result of Defendant's fraud, including the loss of the equity in her home.

**ANSWER: This statement does not apply to Dotson and Plaintiff is left to her strictest proofs. If the Court requires a response from Dotson, the same is denied as untrue in the manner and form alleged. Dotson was not involved in any of the alleged negotiations, discussions, or deeds between Plaintiff and Abundant Life Homes LLC.**

**WHEREFORE. Defendant Charles Dotson is a bona fide purchaser for value and these allegations do not apply to him. Plaintiff can sue Abundant Life Homes for her monetary damages, but title to the Subject Property should be**

**quieted in Dotson. Dotson reserves the right to file a cross-complaint against the other Defendants in this case.**

Respectfully submitted,

Dated: <u>April 22, 2024</u>                     Bolhouse, Hofstee & McLean, P.C.


By: <u>/s/ Michelle M. McLean</u>
        Michelle M. McLean (P71393)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Defendant Charles Dotson

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| ELLA MORGAN, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>  ABUNDANT LIFE HOMES,<br>LLC,a<br>Michigan Limited Liability<br>Company,<br>JAY WILLIAMS, an individual,<br>TROY HACKER,<br>an individual, and CHARLES<br>DOTSON, an individual,<br><br>        Defendants. | Case: 1:24-cv-00154<br><br>Hon. Jane M. Beckering |

**DEFENDANT CHARLES DOTSON'S RELIANCE ON JURY DEMAND**

***NOW COMES*** the Defendant, Charles Dotson, by and through his undersigned attorneys, Bolhouse, Hofstee, & McLean PC, and hereby states is Reliance on Jury Demand of the Plaintiff.

Respectfully submitted,

Dated: April 22, 2024

Bolhouse, Hofstee & McLean, P.C.

By: /s/ Michelle M. McLean
        Michelle M. McLean (P71393)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Defendant Charles Dotson

64